UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-62238-CIV-COHN/SELTZER

SEMINOLE TRIBE OF FLORIDA,
a federally-recognized Indian Tribe,

    Plaintiff,

v.

STATE OF FLORIDA, DEPARTMENT
OF REVENUE, and MARSHALL STRANBURG,
as Interim Executive Director and Deputy
Executive Director,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint and Motion to Strike Plaintiff's Demand for a Jury Trial [DE 11] ("Motion"). The Court has considered the Motion, Plaintiff's Response [DE 22], Defendants' Reply [DE 25], the argument of counsel at the January 4, 2013 hearing, and is otherwise fully advised in the premises.

## I. BACKGROUND

Plaintiff is a federally-recognized Indian tribe, with its tribal government headquarters located in Hollywood, Florida. Compl. [DE 1] ¶ 1. Pursuant to the Self-Determination and Educational Assistance Act, 25 U.S.C. § 450, and Plaintiff's Self-Determination Contracts with the United States, the tribe provides essential government services on tribal land, including police and fire protection, public schools, and road maintenance. Id. ¶ 9. In performing such services, Plaintiff uses motor fuel which it purchases both on and off of tribal land. Id. ¶ 10. Pursuant to Florida Statutes § 206.41, the State of Florida imposes a tax on motor and diesel fuel, which Plaintiff

pays on its fuel purchases. Fla. Stat. § 206.41. Plaintiff filed a claim with Defendant, the State of Florida Department of Revenue ("DOR"), for a refund of the tax paid on off-reservation fuel purchases. The claim was denied.

Plaintiff subsequently brought a claim in Florida state court seeking (1) a refund for fuel tax paid between January 1, 2004, and February 28, 2006, on fuel purchased off-reservation, but used on the reservation to provide governmental services; and (2) a declaration that fuel used by Plaintiff on tribal land is exempt from the tax. Id. ¶ 19. The trial court granted summary judgment for Plaintiff on both counts, finding that the Indian Commerce Clause prohibited DOR from taxing fuel used by Plaintiff on tribal lands. See Fla. Dep't of Revenue v. Seminole Tribe of Fla., 65 So. 3d 1094, 1096 (Fla. 4th DCA 2011). On appeal, the Fourth District Court of Appeals reversed, finding that "[o]ff-reservation transactions, even by tribal members, are susceptible of taxation without running afoul of the Indian Commerce Clause." Id. at 1097 (citations omitted). The Florida Supreme Court declined to review the decision, and the decision is now final. See Seminole Tribe of Fla. v. Fla. Dep't of Revenue, 86 So. 3d 1114 (Fla. 2012) (table op.).

In the present action, the facts are substantially the same. Between June 7, 2009, and March 31, 2012, Plaintiff paid fuel tax in the amount of $393,247.30 on the fuel it purchased at off-reservation gas stations, but used on tribal land to perform governmental services. Compl. ¶ 18. On June 6, 2012, Plaintiff filed a claim with the DOR for a refund of the fuel tax paid on off-reservation purchases. The claim was denied. Id. Plaintiff now seeks (1) a declaration that fuel used by Plaintiff on tribal land

2

and/or for performing government services is exempt from the fuel tax; and (2) a permanent injunction enjoining Defendants DOR and Marshall Stranburg from imposing the fuel tax on fuel that Plaintiff hereafter uses on tribal land and/or in providing government services.  Defendants have moved to dismiss the action, arguing, among other things, that Plaintiff's claims are barred by the Rooker-Feldman doctrine and the Tax Injunction Act.  Plaintiff opposes the Motion.

## II. MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).  Nevertheless, the Court

may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. ANALYSIS

The Court will dismiss the Complaint for two reasons. First, the Rooker-Feldman doctrine deprives this Court of subject-matter jurisdiction over any claims that essentially seek review of the previous state-court action. Second, because the fuel tax applies only to off-reservation activity, Plaintiff's claims are barred by the Tax Injunction Act.

### A. Rooker-Feldman Deprives this Court of Subject-Matter Jurisdiction.

A federal district court generally does not have authority to review decisions made by a state court of competent jurisdiction. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 n.16 (1983) ("lower federal courts possess no power whatsoever to sit in direct review of state court decisions."); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); Nicholson v. Shafe, 558 F.3d 1266, 1274 (11th Cir. 2009). The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The doctrine therefore bars claims "that were actually raised in the state court and those 'inextricably intertwined' with that state judgment." Figueroa v. Merscorp., Inc., 766 F. Supp. 2d 1305, 1315 (S.D. Fla. 2011) (citing Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir.

2009)).  The Eleventh Circuit has identified two situations in which a party's federal claims would be 'inextricably intertwined' with its state-court judgment: "(1) where the success of the federal claim would 'effectively nullify' the state-court judgment; and (2) where the federal claim 'succeeds only to the extent that the state court wrongly decided the issues.'"  Springer v. Perryman, 401 F.App'x 457, 458 (11th Cir. 2010) (quoting Casale, 558 F.3d at 1260).

     Here, a state court of competent jurisdiction entered an order dismissing Plaintiff's claim seeking a declaration that Plaintiff is exempt from the fuel tax.  Now, in this Court, Plaintiff seeks to relitigate the claim that the state court has already denied. The Rooker-Feldman doctrine bars such relitigation.  See Jalalli v. Am. Osteopathic Ass'n, Case No. 11-60604-CIV-COHN/SELTZER, 2011 U.S. Dist. LEXIS 71023, at *8 (S.D. Fla. June 30, 2011), aff'd 461 F.App'x 838 (11th Cir. 2012) (finding that Rooker-Feldman bars relitigation of claims previously denied by the state court).  In its Response to the instant Motion, Plaintiff argues that the Rooker-Feldman doctrine does not apply here for two reasons.  First, Plaintiff asserts that it is seeking different relief than it sought in state court.  Second, Plaintiff contends that it did not have a fair opportunity to raise its federal claims in state court.  As described below, both of Plaintiff's arguments lack merit.

     The first argument fails because Plaintiff is seeking substantially the same relief it sought in the state court action.  In state court, Plaintiff sought both monetary damages as well as prospective relief, in the form of a declaration of exemption from the fuel tax.  See Fla. Dep't of Revenue, 65 So. 3d at 1095.  The state court analyzed

5

these claims and denied relief on the merits. Id. at 1097. Here, Plaintiff once again seeks a declaration of exemption, as well as a permanent injunction to enforce such an exemption. Thus, Plaintiff is asking the Court to review and reject a judgment of the state court that addressed precisely the same issues contained in the claims in the instant suit. See Vasquez v. YII Shipping Co., 692 F.3d 1192, 1196 (11th Cir. 2012) (finding that Rooker-Feldman is confined to cases that invite district courts to review and reject judgments of state courts) (citing Feldman 460 U.S. at 487). Further, it is clear that Plaintiff's claims could only succeed to the extent that the state court wrongly decided the issues – particularly, the constitutionality of the fuel tax as applied to Plaintiff, and Plaintiff's right to an exemption. Accordingly, the Rooker-Feldman doctrine bars the claims.

The second argument fails because Plaintiff had a fair opportunity to litigate its federal claims in state court. Rooker-Feldman does not apply "[w]here a party did not have a reasonable opportunity to raise his federal claim in state proceedings." Figueroa, 766 F. Supp. 2d at 1316 (internal quotations and citations omitted); see also Wood v. Orange Cnty., 715 F.2d 1543, 1547 (11th Cir. 1983) (finding that when a party did not have a chance to raise its federal claim in state court, such claim "is not 'inextricably intertwined' with the state court's judgment."). When courts have applied the 'reasonable opportunity' exception, "[t]ypically, either some action taken by the state court or state court procedures in place have formed the barriers that the litigants are incapable of overcoming." Long v. Shorebank Development Corp., 182 F. 3d 548, 558 (7th Cir. 1999) (citing Biddulph v. Mortham, 89 F.3d 1491, 1495 n. 1 (11th Cir. 1996)).

Further, the 'reasonable opportunity' exception is more likely to apply when the litigant "[has] pointed to some factor independent of the actions of the opposing party that precluded the litigant from raising the federal claim." Long, 182 F.3d at 558.

Here, in the state court case, both parties asserted that the fuel tax was a tax on the use of fuel, rather than a sales tax.  The state court, however, concluded that the fuel tax fell on the off-reservation purchase of fuel.  Plaintiff contends that, if DOR had argued in state court that the tax was a sales tax, Plaintiff would have asserted that the tax, as applied to Plaintiff, violates the Equal Protection Clause.  DOR did not so argue.  Thus, Plaintiff asserts that it did not have a fair opportunity to raise its Equal Protection claim.  The Court disagrees.  Plaintiff still could have argued that the fuel tax was a use tax or that, in the alternative, it was a sales tax that violated the Equal Protection Clause.  The state court did not bar Plaintiff from so arguing.  Nor has Plaintiff pointed to any state court procedures that prevented it from making that argument.  Rather, Plaintiff made the strategic choice to not raise its alternative arguments.  Therefore, the Court concludes that Plaintiff had a reasonable opportunity to argue its federal claims in state court, and accordingly, Plaintiff's claims are barred by the Rooker-Feldman doctrine.

### B. Plaintiff's claims are barred by the Tax Injunction Act.

Defendants argue that Plaintiff's claims are barred by the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, which provides that:

> The district court shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under the state law where a plain, speedy and efficient remedy may be had in the courts of such state.

7

28 U.S.C. § 1341.  The purpose of the TIA is "to limit drastically federal-court interference with state tax systems." Penzer v. Ford Motor Credit Co., 319 F. Supp. 2d 1351, 1353 (S.D. Fla. 2004) (quoting California v. Grace Brethren Church, 457 U.S. 393, 413 (1982)).  Accordingly, the TIA has been construed as a "jurisdictional rule and a broad jurisdictional barrier." Arkansas v. Farm Credit Servs. of Central Ark., 520 U.S. 821, 825 (1997) (internal quotations and citations omitted).  Moreover, the TIA prohibits district courts from issuing declaratory judgments as well as injunctions which inhibit the collection of state taxes.  See Grace Brethren, 457 U.S. at 408.  Here, Defendants argue that Plaintiff seeks, in federal court, to prevent the collection of a state tax, even though Plaintiff had an adequate state-court remedy.  Therefore, Defendants assert that Plaintiff's claims are barred by the plain language of the TIA.

Plaintiff responds that the jurisdictional grant contained in 28 U.S.C. § 1362 overrides the TIA.  See Pl.'s Resp. to Mot. to Dismiss [DE 22] at 13-18 (citing Moe v. Confederated Salish and Kootenai Tribes of Flathead Reservation, 425 U.S. 463 (1976)).  Sec. 1362 provides that

> The district courts shall have original jurisdiction of all civil actions, brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States.

In Moe, the plaintiff tribes brought claims in federal court attacking a state cigarette tax as applied to cigarettes sold on tribal land.  In addressing the scope of § 1362, the Court found that the purpose of the statute was "to open the federal courts to the kind of claims that could have been brought by the United States as trustee, but for whatever reason, were not so brought."  Id. at 472.  Accordingly, because the United

8

States could have brought the suit, and would not have been barred by the TIA, the Court held that the tribes would likewise not be barred. Id. at 474-75; see also Sac & Fox Nation of Mo. v. Pierce, 213 F.3d 566, 572 (10th Cir. 2000) (finding that the TIA did not bar "an Indian tribe's suit for injunctive relief against state taxation occurring on trust lands").

Defendants reply that the tribes' claims in Moe and Pierce only related to taxation of on-reservation activity. Here, the state court has already found that the fuel tax was a tax on the off-reservation purchase of the fuel, rather than its on-reservation consumption. 65 So. 3d at 1097. Plaintiff has not presented any authority supporting the proposition that Moe should be extended to off-reservation transactions. Hence, Defendants argue, the Court should not extend Moe, and should enforce the terms of the TIA.

Therefore, the applicability of the TIA in this case hinges on the locus of the fuel tax. Plaintiff contends that, since the taxable event is the use of the fuel, and Plaintiff uses the fuel on tribal lands, the tax is fundamentally a tax on its on-reservation activities. The Court disagrees. Florida Statutes § 206.41 imposes several taxes on the "use" of motor fuel. However, the statute defines "use" as "the placing of motor or diesel fuel into any receptacle on a motor vehicle from which fuel is supplied for the propulsion thereof." Fla. Stats. § 206.01(24). In interpreting a state tax as applied to an Indian tribe, the Court looks first to the plain meaning of the statute. See Okla. Tax Comm'n v. Chickasaw Nation, 515 U.S. 450, 462 (1995) (looking to the language and structure of the fuel tax statutes to determine who bore the legal incidence of the tax);

see also Wagnon v. Prairie Band Potawatomie Nation, 546 U.S. 95, 102-03 (2005) (finding that the "dispositive language" of the tax statute determined where the legal incidence of the tax fell).

Here, Plaintiff purchased the fuel at off-reservation gas stations, and placed the fuel into its vehicles at such gas stations. Thus, for the purposes of the statute, Plaintiff used the fuel, and was taxed on it, outside of tribal land. Because the taxable event occurred outside of tribal land, the TIA applies to the claims at issue. Accordingly, the Court does not have jurisdiction to enjoin, suspend or restrain the assessment, levy or collection of the fuel tax, and Plaintiff's claims are barred.

### IV. CONCLUSION

For the above-stated reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Complaint and Motion to Strike Plaintiff's Demand for a Jury Trial [DE 11] is **GRANTED**. The instant action is hereby **DISMISSED with prejudice**. All other pending motions are **DENIED AS MOOT**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of January, 2013.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF